Humberto M. Guizar, Esq., (SBN 125769)
herito@aol.com
Kent M. Henderson, (SBN 139530)
kent@carrazcolaw.com
Angel Carrazco, Jr., (SBN 230845)
angel@carrazcolaw.com
GUIZAR, HENDERSON & CARRAZCO, L.L.P.
18301 Irvine Blvd.
Tustin, CA 92780
Telephone No.: (714) 541-8600
Facsimile No.: (714) 541-8601

Attorneys for Plaintiff,
Teresa Dominguez and Jesus Romero Garcia,
as Successors in Interest of Jesse Romero

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERESA DOMINGUEZ, individually and as Successor in Interest of Jesse Romero and JESUS ROMERO GARCIA individually, and as Successor in Interest of Jesse Romero, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF LOS ANGELES, an entity, EDEN MEDINA, an individual police officer with CITY OF LOS ANGELES POLICE DEPARTMENT; and DOES 1 Through 10, Inclusive, <br><br> Defendants. <br> _____ | CASE NO.: <br> **COMPLAINT FOR DAMAGES:** <br><br> 1. DEPRIVATION OF CIVIL RIGHTS (42 USC §1983); <br> 2. DEPRIVATION OF CIVIL RIGHTS – FAILURE TO SUPERVISE, TRAIN AND TAKE CORRECTIVE MEASURES CAUSING CONSTITUTIONAL VIOLATIONS (42 USC §1983); <br> 3. DEPRIVATION OF CIVIL RIGHTS - FAILURE TO PROVIDE MEDICAL CARE (42 USC §1983) <br> 4. DEPRIVATION OF CIVIL RIGHTS - *MONELL* VIOLATIONS (42 USC §1983); <br> 5. ASSAULT AND BATTERY AND WRONGFUL DEATH; <br> 6. NEGLIGENCE <br><br> **[DEMAND FOR JURY TRIAL]** |

## COMPLAINT FOR DAMAGES

COMES NOW PLAINTIFFS, Teresa Dominguez and Jesus Romero Garcia as Successor in Interest of decedent JESSE ROMERO, individually in their Complaint against defendants CITY OF LOS ANGELES (hereinafter also referred to as, "CITY"); EDEN MEDINA AND DOES 1 THROUGH 10, inclusive (collectively "Defendants"), allege as follows:

## PRELIMINARY STATEMENT

1. This civil rights action seeks compensatory and punitive damages from individual police officers, from senior Los Angeles Police Department officials, and from the City of Los Angeles for violation of fundamental rights under the United States Constitution and state law in connection with the brutal and tragic police shooting and killing of 14 year old Minor, JESSE ROMERO on August 9, 2016.

## JURISDICTION AND VENUE

2. This civil action is brought for the redress of alleged depravations of constitutional rights as protected by 42 U.S.C. §§ 1983, 1985, 1986, 1988, the Fourth and Fourteenth Amendment of the United States Constitution, and the California Constitution. Jurisdiction is founded on 28 U.S.C. §§ 1331, 1343, and 1367.

3. Venue is proper in this Court under 28 U.S.C. § 1391(b), because defendants reside in, and in all incidents, events, and occurrences giving rise to this action occurred in, the City of Los Angeles, California. Each Plaintiff herein timely and properly filed tort claims pursuant to Cal. Gov. Code § 910 et seq. on October 6, 2016, and this action is timely filed within all applicable statutes of limitations.

## PARTIES

4. Plaintiff TERESA DOMINGUEZ is the mother, successor in interest, and heir at law of JESSE ROMERO, to the deceased. Plaintiff DOMINGUEZ is a resident of the state of California and resided within the jurisdiction of the state of California at all times herein alleged. She brings this claim for her personally and as

JESSE ROMERO's successor in interest as applicable, pursuant to California Code of Civil Procedure §§ 377.30 and 377.60.

5.   Plaintiff JESUS ROMERO GARCIA is the father, successor in interest, and heir at law of JESSE ROMERO, to the deceased. Plaintiff ROMERO is a resident of the state of California and resided within the jurisdiction of the state of California at all times herein alleged. He brings this claim for him personally and as JESSE ROMEROS's successor in interest as applicable, pursuant to California Code of Civil Procedure §§ 377.30 and 377.60.

6.   At all relevant times, Defendant City of Los Angeles, (hereinafter also referred to as "CITY") California, and its police department is and was a duly organized public entity and existing under the laws of the state of California. Furthermore, at all relevant times, Los Angeles Police Department, was an agency of the City of Los Angeles. Plaintiffs are informed and believe and thereon allege that Defendants CITY and LAPD were the employers of EDEN MEDINA and Defendants DOES 1-10.

7.   Plaintiffs are informed and believe, and thereon allege, that Defendant EDEN MEDINA is, and at all times herein mentioned was, duly appointed and acting as police officer for Defendants CITY and LAPD, and was at all material times acting under color of state of law, and as employee, agent and representative of every other Defendant. Defendant EDEN MEDINA was acting under color of law and within the course and scope of his employment, including but not limited to under *California Government Code* Section 815.2, 820, and 825, with Defendants CITY and LAPD on August, 9, 2016, the date of the incident and Defendant CITY is legally responsible for all damages caused by the intentional and/or negligent and/or otherwise tortuous conduct of Defendant EDEN MEDINA as alleged herein. Plaintiffs have timely presented a Government Claim against said defendants under California law and are timely naming them as Defendants herein and suing them for damages under Federal and California state law as alleged herein.

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

8.     At all relevant times mentioned herein, EDEN MEDINA, an individual, was acting within the course and scope of his employment and under color of law as a police officer, officer, sergeant, captain, commander, and/or civil employee of the Defendant CITY OF LOS ANGELES and CITY OF LOS ANGELES POLICE DEPARTMENT, and was authorized by the Defendant CITY to perform the duties and responsibilities of a sworn police officer of and for these Defendants, and all acts hereinafter complained of were performed by each of them within the course and scope of his duties as a police officer, officer and official. Defendant EDEN MEDINA is sued herein in his individual capacity and in his official capacity as a police officer, officer, sergeant, captain and/or as other employee of Defendant CITY.

9.     At all relevant times hereto, EDEN MEDINA and all DOE Defendants (DOES 1-10), and each of them, were acting within the course and scope of their employment and under color of law as officers, deputies, sergeants, captains, commanders, and/or civilian employees of the LAPD, a department and/or subdivision of Defendant CITY and at all times were acting with permission and consent of their co-Defendants. Said Defendants, and each of them, were specifically authorized by Defendant CITY and/or the LAPD to perform the duties and responsibilities of sworn police officers and/or deputies of and for the CITY, and all acts hereinafter complained of were performed by them within the course and scope of their duties as police officers, deputies, and officials for said Defendant, and its police department, and are herein sued in their individual capacities and in their official capacities as police officers, deputies, sergeants, captain, commanders, supervisors, policy makers and/or as other employees of Defendant CITY and LAPD. Said Defendants, and each of them, at all times relevant hereto, were acting under color of law, under the color of the statutes, ordinances, regulation, policies, customs, practices and usages of Defendant CITY, and/or the LAPD.

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

10.     Defendant CITY and the LAPD encouraged, assisted, ratified and/or with deliberate indifference failed to prevent all of the herein acts and omissions of Defendants, and each of them,

11.     At all relevant times herein, Defendants DOES 1-10 were supervisors, employees and/or policy makers for Defendants CITY, which employed unlawful, organized and illegal customs and practices of use of unreasonable and/or excessive force and false arrests which lacked probable cause. Said misconduct was encouraged, tolerated and condoned by Defendants, and each of them.

12.     At all relevant times to the present complaint, Defendants DOES 1-10, inclusive, were acting within their capacity as employees, agents, representatives and servants of Defendant CITY which is liable under the doctrine of *respondeat superior*, pursuant to Sections 815.2, 820 and 825 of the *California Government Code*, et al.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

13.     Decedent JESSE ROMERO was born August 24, 2001, and he was 14 years old at the time of his tragic death.

14.     On or about August 9, 2016, at approximately 5:30 P.M., Decedent JESSE ROMERO was in the vicinity of Cesar Chavez Avenue and Breed Street in Los Angeles, California, when Los Angeles Police Department officers, including defendant EDEN MEDINA, acting under the course and scope of their employment with the Department and as agents of Defendant CITY OF LOS ANGELES, negligently, unreasonably and/or recklessly assessed the circumstances presented to them and violently and unreasonably confronted JESSE ROMERO.

15.     Upon information and belief, JESSE ROMERO was walking home when LAPD Officer EDEN MEDINA and other DOE Officer(s) began chasing JESSE ROMERO down Cesar Chavez Street.

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

16.     Upon information and belief, JESSE ROMERO while running away from Defendants, turned onto Breed Street from Cesar Chavez Street where a gun is then thrown over a fence.

17.     As JESSE ROMERO was running away from Defendant EDEN MEDINA, Defendant proceeded to fire his weapon directly to the back of Plaintiff JESSE ROMERO in a cold calculated manner.

18.     Upon information and belief, Defendants EDEN MEDINA and DOE Officer(s) fired three initial shots at JESSE ROMERO, then unnecessarily fired an additional four shots.

19.     The multiple shots fired by Defendant EDEN MEDINA and DOE Officer(s) struck and ultimately resulted in the death of JESSE ROMERO.

20.     At the time JESSE ROMERO was shot and killed on August 9, 2016, Defendant EDEN MEDINA and Doe Officer(s) lacked probable cause to stop JESSE ROMERO and ultimately lacked probable cause to use deadly force against Decedent JESSE ROMERO.

21.     Decedent sustained injuries, pain, suffering, and death when he was shot by Defendant EDEN MEDINA who was acting under the color of law and was an employee of LAPD. The decedent was unarmed at the time of the shooting and posed no imminent threat of death or serious bodily injury to any person.

22.     After the shooting, the officers handcuffed JESSE ROMERO and delayed obtaining medical assistance for JESSE ROMERO.

## FIRST CLAIM FOR RELIEF

### DEPRIVATION OF CIVIL RIGHTS (42 U.S.C. § 1983);

### (Against Defendant Officer EDEN MEDINA and

### DOES 1 THROUGH 10, inclusive)

23.     Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 22 of this Complaint with the same force and effect as if fully set forth herein.

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

24.     The unjustified shooting of decedent by EDEN MEDINA and other unknown Doe defendants deprived decedent of his rights, privileges, and immunities secured by the Constitution and laws of the United States, including those secured by the Fourth and Fourteenth Amendments to the Constitutions by among other acts, subjecting decedent JESSE ROMERO to excessive force and deadly force where no force was justified.

25.     JESSE ROMERO'S death was a direct and proximate result of the aforementioned violation of rights conferred by the United States Constitutions and the wrongful acts and omissions perpetrated by Defendants while acting under the color of law and pursuant to customs, policies, and/or procedures in violations of 42 U.S.C. § 1983.

26.     This use of deadly force was excessive and unreasonable under the circumstances. Defendant's actions thus deprived DECEDENY of his right to be free from unreasonable searches and seizures under the Fourth Amendment and applied to state actors by the Fourteenth Amendment. Plaintiffs have also been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of decedent, and will continue to be so deprived for the remainder of their natural lives.

27.     The conduct of Defendants Officer EDEN MEDINA and DOES 1 THROUGH 10, inclusive was willful, wanton, malicious, and done with reckless disregard for the rights and safety of decedent and therefore warrants the imposition of exemplary and punitive damages as to Defendants Officer EDEN MEDINA and DOES 1 THROUGH 10, inclusive.

## SECOND CLAIM FOR RELIEF

## DEPRIVATION OF CIVIL RIGHTS – FAILURE TO SUPERVISE, TRAIN AND TAKE CORRECTIVE MEASURES CAUSING CONSTITUTIONAL VIOLATIONS – (42 USC §1983);

### (Against Defendant EDEN MEDINA and DOES 1-10)

28.     Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 27 of this Complaint with the same force and effect as if fully set forth herein.

29.     Plaintiffs are informed and believe, and thereon allege, Defendants DOES 1-10 knew, or in the exercise of reasonable care should have known, of a history and propensity and pattern, prior to and after the time of the use of excessive force against JESSE ROMERO by officers of the Los Angeles Police Department including but not limited to EDEN MEDINA, and DOES 1-10, to use excessive force and unreasonable police tactics which lead to the unnecessary and unreasonable uses of excessive force, or use unreasonable, out of policy or unconstitutional police tactics to investigate police us of force incidents.

30.     Defendants EDEN MEDINA, and DOES 1-10 knew, or in the exercise of reasonable care should have known, that Los Angeles Police Department officers have been involved in a high rate of officer-involved shootings in comparison to other police department in recent years.

31.     Notwithstanding this information and history of Los Angeles Police Department officers, including but not limited to DOES 1-10, the Los Angeles Police Department failed to train, supervise or discipline officers who used excessive force, used unreasonable police tactics leading to the unnecessary and unreasonable use of excessive force, used unreasonable and out of policy unconstitutional police tactics to investigate police use of force incidents, or the police department officers were the subject of prior complaint of allegations of similar conduct and those who had been the subject of allegations in federal and state courts to have violated constitutional rights of others in the course and scope under color of law of their capacities as police officers of the Los Angeles Police Department.

32.     Defendants EDEN MEDINA, and DOES 1-10 disregard of this knowledge or failure to adequately investigate and discover this patter, custom or practice of

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

1    unconstitutional violations, or existence of facts which creates the potential of

2    unconstitutional acts, violated their duty to supervise, train and instruct their

3    subordinate to prevent similar acts to other person as a result Plaintiff was harmed

4    in the manner threatened by the pattern, custom, or practice.

5    33.    Defendants DOES 1-10 custom, practice, and policy resulted in their failure

6    to take steps to properly train, supervise, investigate or instruct Defendants EDEN

7    MEDINA, and DOES 1-10 on the use of excessive force, and this was the moving

8    force in the use of excessive force upon JESSE ROMERO.

9    34.    As a legal result of the conduct of Defendants 2-10, as described above,

10    Plaintiff was damaged as alleged herein and as set forth above.

11    **THIRD CLAIM FOR RELIEF**

12    **DEPRIVATION OF CIVIL RIGHTS – 42 USC §1983 –**

13    **FAILURE TO PROVIDE MEDICAL CARE**

14    **(Against Defendant EDEN MEDINA and DOES 1-10)**

15    35.    Plaintiff repeats and re-alleges each and every allegation in paragraphs 1

16    through 34 of this Complaint with the same force and effect as if fully set forth

17    herein.

18    36.    The denial of medical care by Defendants EDEN MEDIINA and DOES 1-10

19    deprived JESSE ROMERO of his right to be secure in his person against

20    unreasonable searches and seizures as guaranteed to JESSE ROMERO under the

21    Fourth Amendment of the United States Constitution and applied to state actors by

22    the Fourteenth Amendment.

23    37.    As a result, JESSE ROMERO suffered extreme pain and suffering and

24    eventually suffered a loss of life and earning capacity. Plaintiffs have also been

25    deprived of the life-long love, companionship, comfort, support, society, care, and

26    sustenance of JESSE ROMERO, and will continue to be so deprived for the

27    remainder of their lives. Plaintiffs are also claiming funeral and burial expenses and

28    a loss of future financial support.

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

38.     Defendants EDEN MEDINA and DOES 1-10 knew that failure to provide timely medical treatment to JESSE ROMERO could result in further significant injury or the unnecessary and wanton infliction of pain, but disregarded that critical medical need, causing JESSE ROMERO great bodily harm and death.

39.     The conduct of Defendants EDEN MEDINA and DOES 1-10 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of JESSE ROMERO and therefore warrants the imposition of exemplary and punitive damages as to Defendants EDEN MEDINA and DOES 1-10.

40.     Plaintiffs bring this claim as a successor in interest of JESSE ROMERO and seeks both survival and wrongful death damages for the violation of JESSE ROMERO's rights.

41.     Plaintiffs also seek attorney's fees under this claim.

## FOURTH CLAIM FOR RELIEF

### DEPRIVATION OF CIVIL RIGHTS – 42 USC §1983 - *MONELL* VIOLATIONS (Against Defendant CITY)

42.     Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 41 of this Complaint with the same force and effect as if fully set forth herein.

43.     The acts and omissions of all Defendants were engaged in maliciously, callously, oppressively, wantonly, recklessly and with deliberate indifference to the rights of Plaintiffs. Plaintiffs are informed and believe, and on the basis of such information and belief, allege that Defendant CITY OF LOS ANGELES, through its Police Department, with deliberate indifference and reckless disregard to the safety, security and constitutional and statutory rights of JESSE ROMERO, and all persons similarly situated, maintained, enforced, tolerated, permitted, acquiesced in, and applied policies, practices or customs and usages of, among other things:

     a.  Subjecting citizens to unreasonable uses of force against their person, including deadly force;

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

b.  Selecting, retaining, and assigning officers with demonstrable propensities for excessive force, violence and other misconduct;

c.  Failing to adequately train, supervise, and control officers in the field of law enforcement, including the use of force;

d.  Failing to adequately discipline officers involved in misconduct;

e.  Condoning and encouraging officers in the belief they can violate the rights of persons such as JESSE ROMERO with impunity, and such conduct will not adversely affect their opportunities for promotion and other employment benefits;

f.  Initiating, implementing, ratifying, maintaining, enforcing, tolerating, permitting, and acquiescing in an illegal "Use and Escalation of Force Policy" that does not adequately limit officers' use of force to those cases in which it is required to make a lawful arrest or protect an officer or third-party from an immediate safety threat; and

g.  Initiating, implementing, ratifying, maintaining, enforcing, tolerating, permitting, and acquiescing in an illegal "Use and Escalation of Force Policy" that failed to comply with the requirements of the law.

44.   Plaintiffs are informed and believe, and on the basis of such information and belief alleges, that Defendant CITY OF LOS ANGELES through its Police Department ordered, authorized, acquiesced in, tolerated, permitted or maintained customs and usages permitting the other defendants herein to engage in the unlawful and unconstitutional actions, policies, practices and customs or usages set forth in the foregoing paragraph. Defendants' conduct as alleged herein constitutes a pattern of constitutional violations based either on a deliberate plan by Defendants or on Defendants' deliberate indifference, gross negligence or reckless disregard to the safety, security and rights of Plaintiffs and their decedent son.

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

45.     As a result of Defendants' conduct and each of their violations of Plaintiffs' and JESSE ROMERO's constitutional rights as set forth herein, Plaintiffs were damaged as alleged above.

### FIFTH CLAIM FOR RELIEF
### ASSAULT AND BATTERY AND WRONGFUL DEATH
### (Against Defendant EDEN MEDINA and DOES 1-10)

46.     Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 45 of this Complaint with the same force and effect as if fully set forth herein.

47.     Defendants EDEN MEDINA and DOES 1-10, assaulted and battered the decedent JESSE ROMERO, causing his death.

48.     As a result of Defendants' acts as set forth herein, Plaintiff was damaged as alleged above.

### SIXTH CLAIM FOR RELIEF
### NEGLIGENCE
### (Against All Defendants and DOES 1-10)

49.     Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 48 of this Complaint with the same force and effect as if fully set forth herein.

50.     Defendants EDEN MEDINA and DOES 1-10 had a duty to Plaintiff to comply with the minimal Los Angeles Police Department's training mandated for tactical firearms training; to not utilize careless or reckless police tactics that could create a dangerous circumstance or heighten a situation of danger that could result in the use of unnecessary force; to comply with the minimal Los Angeles Police Department's training mandated for tactical firearms training; to cause discharge of their firearm unless it was justified under the totality of the circumstances; to respond appropriately to persons they may believe are a possible suspect of an

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

offense without choosing to use deadly force before determining if the decedent posed an immediate threat to the safety of the officers or to others.

51.     Defendant DOE supervisors 2-10, acting within the course and scope of their employment with the Los Angeles Police Department, had a duty to assure the competence of their employees/agents Defendant DOES 1-10, but breached their duty and were negligent in performance of their duties by selecting, hiring, training, reviewing, periodically supervising, failing to supervise, evaluating the competency and retaining their Defendant officers and/or employees and/or agents. The breach of the duty of careful selection, hiring, training, review, supervision, periodic evaluation of the competency and retention of such officers, counselors and other staff created an unreasonable risk of harm to persons such as JESSE ROMERO.

52.     Defendants EDEN MEDINA and DOES 1-10 breached their duty by using excessive and deadly force against JESSE ROMERO.

53.     As a direct and legal result of the aforesaid negligence, carelessness and unskillfulness of Defendants, and each of them, and as a result of their breach of duty of care to JESSE ROMERO, he was unlawfully shot and killed. Plaintiffs have suffered damages as alleged above.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs requests entry of judgment in their favor and against Defendants as follows:

A. For compensatory damages, including both survival damages and wrongful death damages under federal and state law, in the amount to be proven at trial;

B. For loss of financial support;

C. For punitive damages against the individual defendants in an amount to be proven at trial;

D. For interest;

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

1  E. For reasonable costs of this suit and attorneys' fees, including pursuant to

2  42 U.S.C. § 1988; and;

3  F. For such further other relief as the Court may deem just, proper, and

4  appropriate.

6        Respectfully Submitted,

7 Dated: June 20, 2017   **GUIZAR, HENDERSON & CARRAZCO, LLP**

9      By   /s/

10        HUMBERTO GUIZAR
        ATTORNEY FOR PLAINTIFFS

---

14

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury.


DATED:  June 20, 2017          GUIZAR, HENDERSON & CARRAZCO, L.L.P.



                               _/s/_____
                               HUMBERTO GUIZAR Esq.,
                               ATTORNEY FOR PLAINTIFFS

15
**PLAINTIFFS' COMPLAINT FOR DAMAGES**