Humberto Guizar (SBN 125769); herito@aol.com
Kent M. Henderson (SBN 139530); hendolaw@gmail.com
Angel Carrazco, Jr. (SBN 230845); angel@carrazcolawapc.com
GUIZAR, HENDERSON & CARRAZCO, LLP
18301 Irvine Boulevard
Tustin, CA 92780
Tel: (714) 541-8600
Fax: (714) 541-8601

Attorneys for Plaintiffs Teresa Dominguez and Jesus Romero Garcia,
as Successors in Interest of Jesse Romero., et. al.

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

TERESA DOMINGUEZ, individually
and as Successor in Interest of Jesse
Romero and JESUS ROMERO
GARCIA individually, and as Successor
in Interest of Jesse Romero

Plaintiffs,

v.

CITY OF LOS ANGELES, an entity,
EDEN MEDINA, an individual police
officer with CITY OF LOS ANGELES
POLICE DEPARTMENT; and DOES 2
Through 10, Inclusive,

Defendants.

CASE NO.:
2:17-cv-04557 DMG (PLAx)

**PLAINTIFFS' MOTION IN
LIMINE NO. 5 TO EXCLUDE
CERTAIN OPINIONS OF
DEFENSE EXPERT EDWARD T.
FLOSI UNDER DAUBERT**

**[Declaration of Kent M. Henderson
and Exhibit Nos. 1-4 in support
thereof filed concurrently herewith;
[Proposed] Order lodged
concurrently herewith]**

Pre-Trial Conf:    October 9, 2018
Time:                 2:00 p.m.
Courtroom:        8C
Trial Date:         November 13, 2018

**PLEASE TAKE NOTICE:** that at 2:00 p.m., on October 9, 2018, in

Courtroom 8C of the United States District Court, Central District of California,

Los Angeles, California, Plaintiffs will, and hereby do, move in Limine, as set forth in Plaintiffs' Motion in Limine No. 5 (Daubert Motion) to exclude opinions of Defendants' Police Practices Expert Edward T. Flosi.

The parties timely met and conferred as required by the Court.  This Motion is based on the attached Plaintiffs' Memorandum of Points and Authorities, Declaration of Kent M. Henderson and the Exhibit Nos. 1-4 and a [Proposed] Order thereon is lodged concurrently herewith.

DATED:  September 18, 2018

**GUIZAR, HENDERSON & CARRAZCO, LLP**

/S/ Kent M. Henderson

By: _____

Kent M. Henderson
Attorneys for Plaintiffs

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   DEFENSE POLICE PRACTICES EXPERT EDWARD FLOSI IMPROPERLY:  1. GIVES LEGAL CONLCUSION OPINIONS AND USES A STANDARD CONTRARY TO LAW; 2. EXPRESSES OPINIONS THAT HE IS UNQUALIFIED TO GIVE AND THAT ARE NOT BASED ON REASONABLY ACCEPTED SCIENCE UNDER DAUBERT AND 3. OFFERS OPINIONS THAT ARE CUMMULATIVE AND MUST BE EXCLUDED

### A.   Mr. Flosi Gives Improper Legal Opinions and Uses a Standard Contrary to Law Which Opinions Must Be Excluded

Defendants have disclosed a police practices expert, Edward Flosi (hereinafter, "Flosi") and a ballistics expert, Rocky Edwards (hereinafter, "Edwards").  Mr. Flosi wrote a rambling 48-page report.

Mr. Flosi gives legal opinions that are to be left for the Jury Instructions.  His opinions are contrary to the law and will confuse and mislead the Jury on the legal standard.  See FRE 403.  Ninth Circuit Jury Instruction 9.25 regarding excessive force states, in pertinent part:  "Under the Fourth Amendment, a police officer may use only such force as is **"objectively reasonable"** under **all of the circumstances**. You must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight. Although the facts known to the officer are relevant to your inquiry, **an officer's subjective intent or motive is not relevant to your inquiry**."  (Jury Instruction 9.25, emphasis added).  The 9.25 Jury instruction is based on several cases, most notably Graham v. Connor, 490 U.S. 386 (1989).  It is apparent in the instruction that the "from the perspective of the reasonable officer" is the point of view not the "belief" or "perception."  That is why the very next sentence references the "facts known to the officer" (not his "perception" or his "belief") and then emphasizes that **an officer's subjective intent or motive is not relevant to your inquiry**."

1    In his report, Flosi incorrectly uses the subjective perception and intent of
2  Defendant Medina for all of his opinions.  Flosi uses the word "objective" now and
3  again but his opinions are just a re-telling of the supposed subjective "perception"
4  of the Defendant shooter Officer Medina.

5    FRE 403 provides that "the court may exclude relevant evidence if its
6  probative value is substantially outweighed by a danger of one or more of the
7  following: unfair prejudice, <u>confusing the issues, misleading the jury</u>, undue delay,
   wasting time, or needlessly presenting cumulative evidence."  Mr. Flosi's
8  "perception" and "belief" opinions will confuse the issues and mislead the jury and
9  should be excluded. (FRE 403, emphasis added).
10

11    Mr. Flosi's report at Exhibit No. 1 has been highlighted.  At page 32, he uses
12  "perception" of the officer over and over.  The correct standard is an objective
   standard, not a standard of "perception."  It is the facts, not an officer's "belief."
13  The objective standard is what the facts really were by examination of all of the
14  evidence not just an adoption of the "perception" of the officer.  Flosi just adopts
15  the "perception" of the officer as his version of the facts upon which he bases his
16  opinion which is turning an objective standard into a subjective one.  Flosi states
17  "…it also important to note the perception is individual to each officer… ."
18  (Exhibit No. 1, page 32).  This is completely contrary to <u>Graham</u> and just "an
19  officer's subjective intent or motive" which is not relevant under the Jury
20  Instruction.  Flosi isn't supposed to be giving legal opinions to begin with but, here,
21  he is improperly giving legal opinions and the opinions are contrary to the law.
22  When Flosi states "the perception is individual to each officer" it is obvious that he
23  is not using an "objective" reasonable officer standard, he is using an improper
24  subjective officer standard.  This is also an improper legal conclusion.

25    Flosi does this again on pages 34-35 of his report, where instead of analyzing
26  the facts of what was actually happening during the event, he simply adopts the
27  speculation and subjective intent of Defendant Medina based on no facts.  Flosi
28  writes that Medina felt Romero "may have been positioned immediately around the

corner."  (Exhibit No. 1, page 34).  This statement is based on no objective facts.
Flosi then springboards from this to a conclusion that because Medina "believed"
that Romero was immediately around the corner and so Medina had to go around
the corner and shoot Romero.  (Exhibit No. 1, page 35).   Flosi adopts something
Medina "believed" which was false-- Romero had already thrown away the gun and
he was not "immediately" around the corner he was 58 feet down the sidewalk,
completely unarmed with his hands empty.  Flosi then takes the untrue subjective
intent and belief of Medina and reaches a conclusion that the use of force was
reasonable.  This is really just having an "expert" say the use of force is reasonable
because the shooter Defendant "believed" and "perceived" that he was in danger.
This is an improper legal conclusion and it is contrary to the "objectively
reasonable" standard of <u>Graham</u>.  The Court should exclude Mr. Flosi from giving
these "officer Belief" and Officer perception" opinions.  Mr. Flosi sometimes uses
the words "objectively reasonable" but in reality his opinions are a contrary
improper legal opinion.  Mr. Flosi's opinion is that an officer's "perception" or
"belief" that he is in imminent danger means he is in imminent danger, no matter
what the objective facts are, which is contrary to the law, is in itself a legal opinion
and would justify any shooting even if it weren't objectively reasonable.  All of this
must be excluded under FRE 403 as confusing the issues and misleading the jury.
(See [Proposed] Order.

**B.  <u>Mr. Flosi Expresses Opinions he is Unqualified to Give, Are Not Based on Accepted Science under Daubert and Should be Excluded from Testifying</u>**

Under <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.,</u> 508 U.S. 579, 589-91
(1993) (hereinafter, sometimes simply referred to as "<u>Daubert</u>.")  Mr. Flosi casts a
wide net and is extremely flexible and is not qualified to opine in many of the areas
he expresses opinions.  Mr. Flosi engages in the "correlation is causation fallacy"
and otherwise relies upon junk science in areas that he has no qualifications to
express opinions.  The "Force Science Institute" studies Mr. Flosi relies on have
been debunked, and his perception reaction opinions should not be given by Mr.

Flosi.

Mr. Flosi is not an expert in human factors. He has no degree in human factors engineering. Mr. Flosi attended an eight- hour training session with the "Force Science Institute" and then a 40- hour class at the same place. (See Exhibit No. 1, page 7). The Force Science "Institute" is not an "Institute" and has nothing to do with "science." It is a group of former police officers and a man named William Lewinski who has a degree from an unrecognized institution in a discipline he made up himself (he "designed" his own degree).

FRE 702 deals with testimony by expert witnesses. "Under Rule 702, relevant expert testimony is admissible only if the trial court finds that: (1) the expert is qualified to testify about the matters he intends to address; (2) the methodology used by the expert to reach his conclusions is sufficiently reliable; and (3) the expert's testimony will assist the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or determine a fact in issue." Huss v. Gayden, 571 F.3d 442, 458-460 (5th. Cir. 2009) (citations therein omitted). Daubert v. Merrell Dow Pharmaceuticals, Inc., 508 U.S. 579, 589-91 (1993), the U.S. Supreme Court established a standard for the admissibility of scientific, technical or medical expert opinion or evidence. Mr Flosi is unqualified as a human factors (perception reaction time) expert and as a biomechanical (bullet trajectory analysis) expert under FRE 702 (1).

In Kumho Tire Co., Ltd. v. Carmichael 526 U.S. 137, 149-150 (1999), The U.S. Supreme Court summarized the Daubert factors regarding the admissibility of scientific or technical evidence as follows:

"-- Whether a "theory or technique . . . can be (and has been) tested";

-- Whether it "has been subjected to peer review and publication";

-- Whether, in respect to a particular technique, there is a high "known or potential rate of error" and whether there are "standards controlling the technique's operation"; and

-- Whether the theory or technique enjoys "`general acceptance' " within a "`relevant scientific community.'" [Kumho Tire supra,   at 149-150, citing Daubert at 509 U.S., 592-594].

Here, the opinion offered by Flosi in the areas of human factors (perception reaction and biomechanical meet none of these criteria).

Daubert is based on an interpretation of FRE Rule 702 and applies to all experts, thus including scientists as well as those whose opinions are based on skill, experience, or technical or specialized knowledge (.e.g. physicians, economists, engineers, perfume testers, tire failure analysts, etc.).  (See also Brooks v. American Broadcasting Cos., Inc. 999 F.2d 167, 173 (9th Cir. 1993); Cavallo v. Star Enterprise 100 F.3d 1150, 1157 (4th Cir. 1996); Munoz v. Orr 200 F.3d 291, 301(5th Cir. 2000); General Elec. Co. v. Joiner 522 U.S. 136, 146 (1997); Kumho Tire Co., Ltd. v. Carmichael 526 U.S. 137, 149 (1999); Padillas v Stork Gamco, Inc. 186 F.3d 412, 417 (3rd Cir. 1999); In re Paoli R.R. Yard PCB Litig. 916 F.2d 829, 853 (3rd Cir. 1990)).

Under Daubert, the reasoning or methodology underlying the testimony of an expert must be scientifically valid. See Daubert, 509 U.S. at 593-94 and  In re Accutane Prods. Liab., 511 F. Supp. 2d 1288, 1297-1300 (2007).  Correlation or "association" is not causation and Mr. Flosi makes this prohibited mistake over and over in his un-expert baseless human factor and biomechanical opinions. See also, Huss v. Gayden, 571 F.3d 442, 458-460 (5th. Cir. 2009); and Bowers v. Norfolk S. Corp., 537 F. Supp. 2d 1343, 1355-1360 (M.D. GA 2007).

The Force Science Institute "publishes" articles in police magazines like "The Police Marksman" (not a peer reviewed human factors engineering journal) and the articles basically encourage police officers to shoot persons even when they see no weapon.  Mr. Lewinksi's conclusions were summarized by the New York Times: "His conclusions are consistent: The officer acted appropriately, even when shooting an unarmed person. Even when shooting someone in the back. Even when witness testimony, forensic evidence or video footage contradicts the officer's

story." (See New York Times story at Exhibit No. 2).  The Force Science Institute videotapes shooting simulations with no control groups, often using police officers as "experiment" subjects (who have built in subject bias).  To use a legal phrase: the whole thing is a ridiculous joke.  This is junk science at its worst:  no scientific method, no double-blind studies, test taker bias, no peer review and Mr. Flosi has no other basis for such perception reaction time opinions or other human factors opinions.

Lisa Fournier, Ph.D. a Professor who is in the Department of Psychology at Washington State University in The Attention, Perception & Performance Lab, long ago debunked the junk science theories of William Lewinksi.  (See Exhibit Nos. 3 and 4).  Mr. Flosi does not even claim to be a human factors expert and he is right, he isn't.  However, Flosi gives all sorts of human factor opinions which should be excluded.   Mr. Flosi's perception reaction opinions that he calls "The Reactionary Gap" should be excluded.  (These opinions are at pages 37-38 of Exhibit No. 1 under the heading "Pace of the Event" [compare these baseless opinions to the paper by Professor Fournier and one can see the Flosi opinions violate <u>Duabert</u>).

Mr. Flosi is not also not a biomechanical expert.  He has no degree or other training in biomechanical engineering and yet he gives bullet trajectory analysis opinions that he has no qualifications to give and Flosi should be excluded from giving such opinions at trial.  (See Exhibit No. 1, page 39 and the [Proposed] Order).

### C.  <u>Mr. Flosi Gives Opinions that are Cummulative of Defendants' other "Expert" Rocky Edwards and/or Others</u>

Defendants' other expert Rocky Edwards is proffered by Defendants as a "ballistics" expert.  Without conceding that Mr. Edwards is so qualified, Flosi gives opinions that are cumulative of Edwards and other "experts" or he simply parrots the opinions of others which is improper.  See FRE 702 (these are not Mr. Flosi's opinions, they are just him re-stating others opinions).  Flosi gives opinions on the

1   testing of the gun that are really the opinions of others and/or are ballistics opinions

2   that violate hearsay and FRE 702.  (Exhibit No. 1, pages 33-34).  The opinions set

3   forth in the [Proposed] Order should be excluded.

4

5   DATED:  September 18, 2018

6                                         **GUIZAR, HENDERSON & CARRAZCO, LLP**

7

8                                              /S/ Kent M. Henderson

9                                   By: _____

10                                           Kent M. Henderson
                                             Attorneys for Plaintiffs

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28