**FILED**
CLERK, U.S. DISTRICT COURT

Nov 19, 2018

CENTRAL DISTRICT OF CALIFORNIA
BY: ____KT____ DEPUTY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERESA DOMINGUEZ, et al., | ) Case No. CV 17-4557-DMG (PLAx) |
| Plaintiffs, | ) **JURY INSTRUCTIONS** |
| v. | ) |
| CITY OF LOS ANGELES, et al., | ) |
| Defendants. | ) |

1

## INDEX

| Number | Title | Page No. |
|---|---|---|
| 1. | Duty of Jury | 4 |
| 2. | Claims and Defenses | 5 |
| 3. | Burden of Proof – Preponderance of the Evidence | 6 |
| 4. | Two or More Parties – Different Legal Rights | 7 |
| 5. | What Is Evidence | 8 |
| 6. | What Is Not Evidence | 9 |
| 7. | Direct and Circumstantial Evidence | 10 |
| 8. | Expert Opinion | 11 |
| 9. | Ruling on Objections | 12 |
| 10. | Credibility of Witnesses | 13 |
| 11. | Consideration of Evidence – Conduct of the Jury | 15 |
| 12. | No Transcript Available to Jury | 17 |
| 13. | Taking Notes | 18 |
| 14. | Bench Conferences and Recesses | 19 |
| 15. | Stipulations of Fact | 20 |
| 16. | Impeachment Evidence – Witness | 21 |
| 17. | Section 1983 – Introductory Instruction | 22 |
| 18. | Section 1983 Claim Against Defendant in Individual Capacity | 23 |
| 19. | Particular Rights – Fourth Amendment | |
| | – Unreasonable Seizure of Person – Excessive Force | 24 |
| 20. | Carrying a Loaded Firearm | 26 |
| 21. | Section 1983:  Fourteenth Amendment Claim | |
| | – Interference With Parent/Child Relationship | |
| | – Elements and Burden of Proof | 27 |
| 22. | State Law Claim for Wrongful Death – Essential Elements | 28 |
| 23. | Employer's Vicarious Liability | 29 |

24.  Wrongful Death Based on Battery by Peace Officer     30

25.  Intent     31

26.  Causation:  Substantial Factor     32

27.  Resistance to Arrest     33

28.  Use of Force to Effect Arrest     34

29.  Wrongful Death Based on Unreasonable Force by
     Law Enforcement Officer in Arrest or Other Seizure     35

30.  Basic Standard of Care     36

31.  Comparative Fault of Decedent     37

32.  Section 1983 Claims – Punitive Damages     38

33.  Duty to Deliberate     39

34.  Communication with Court     40

35.  Return of Verdict     41

### Instruction No. 1
### Duty of Jury

Ladies and gentlemen:  Now that you have heard all of the evidence, it is my duty to instruct you on the law of the case.

A copy of these instructions will be sent with you to the jury room when you deliberate.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

## Instruction No. 2
## Claims and Defenses

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

Plaintiffs, Teresa Dominguez and Jesus Romero Garcia, are the parents of the decedent, Jesse Romero. Plaintiffs assert claims against Defendant Officer Eden Medina and the City of Los Angeles alleging that Officer Medina wrongfully shot and killed their son, Jesse Romero. Plaintiffs allege the following claims: (1) that Officer Medina is liable for damages caused to Jesse Romero for violation of his Fourth Amendment right to be free from excessive force; (2) that Officer Medina is liable for damages caused to Teresa Dominguez and Jesus Romero Garcia for violating their Fourteenth Amendment right to a familial relationship with their son; and (3) that Officer Medina and the City of Los Angeles, as Medina's employer, are liable for damages caused to Teresa Dominguez and Jesus Romero Garcia for the wrongful death of their son. Plaintiffs have the burden of proving these claims.

Defendants deny those claims and contend that Officer Medina's use of deadly force was reasonable under the circumstances due to Jesse Romero's conduct.

**Instruction No. 3**

**Burden of Proof – Preponderance of the Evidence**

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**Instruction No. 4**

**Two or More Parties – Different Legal Rights**

You should decide the case as to each party separately.  Unless otherwise stated, the instructions apply to all parties.

**Instruction No. 5**

**What Is Evidence**

    The evidence you are to consider in deciding what the facts are consists of:

1.     the sworn testimony of any witnesses;

2.     the exhibits which are received into evidence;

3.     any facts to which the lawyers have agreed; and

4.     any facts that I have instructed you to accept as proved.

**Instruction No. 6**

**What Is Not Evidence**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

(1) Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they have said in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, sometimes testimony and exhibits are received only for a limited purpose; when I have given a limiting instruction, you must follow it.

(4) Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

**Instruction No. 7**

**Direct and Circumstantial Evidence**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

**Instruction No. 8**

**Expert Opinion**

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness' education and experience, the reasons given for the opinion, and all the other evidence in the case.

**Instruction No. 9**

**Ruling on Objections**

There are rules of evidence that control what can be received into evidence.  When a lawyer asked a question or offered an exhibit into evidence and a lawyer on the other side thought that it was not permitted by the rules of evidence, that lawyer may have objected. If I overruled the objection, the question was answered or the exhibit was received.  If I sustained the objection, the question could not be answered, or the exhibit could not be received.  Whenever I sustained an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may have ordered that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the stricken evidence for any purpose.

**Instruction No. 10**

**Credibility of Witnesses**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.  Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness's testimony;

(6) the reasonableness of the witness's testimony in light of all the evidence; and

(7) any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said.  Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but you do not necessarily have to decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

**Instruction No. 11**

**Consideration of Evidence – Conduct of the Jury**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, via text messaging, tweet, or any Internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

> Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do

1
2
3
4
5

> any research about this case, the law, or the people involved—
> including the parties, the witnesses or the lawyers—until you
> have been excused as jurors.  If you happen to read or hear
> anything touching on this case in the media, turn away and report
> it to me as soon as possible.

6
7
8
9
10
11
12
13
14

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process.  If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process.  Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial.  Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

15
16

A juror who violates these restrictions jeopardizes the fairness of these proceedings. If any juror is exposed to any outside information, please notify the court immediately.

17
18
19
20
21
22
23
24
25
26
27
28

**Instruction No. 12**

**No Transcript Available to Jury**


During deliberations, you will have to make your decision based on what you recall of the evidence.  You will not have a transcript of the trial.

**Instruction No. 13**

**Taking Notes**

You may have taken notes during the trial to help you remember the evidence.  If you have taken notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case.  Do not let note-taking distract you.  When you leave, your notes should be left in the courtroom.  No one will read your notes.

Whether or not you have taken notes, you should rely on your own memory of the evidence.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

**Instruction No. 14**

**Bench Conferences and Recesses**

From time to time during the trial, it became necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury was present in the courtroom, or by calling a recess.  Please understand that while you were waiting, we were working.  The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we have done what we could to keep the number and length of these conferences to a minimum.  I did not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Instruction No. 15**

**Stipulations of Fact**

     The parties have agreed to certain facts that will be read to you.  You should therefore treat these facts as having been proved.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Instruction No. 16**

**Impeachment Evidence – Witness**

The evidence that a witness has lied under oath on a prior occasion may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

**Instruction No. 17**

**Section 1983 Claims – Introductory Instruction**

Plaintiffs bring two of their claims under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of state law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

**Instruction No. 18**

**Section 1983 Claims Against Defendant in Individual Capacity**

The two claims Plaintiffs bring under § 1983 are (1) Fourth Amendment violation – Excessive Force, and (2) Fourteenth Amendment violation – Interference with familial relationship.  In order to prevail on their § 1983 claims against Defendant Officer Medina, Plaintiffs must prove each of the following elements by a preponderance of the evidence:

1. Defendant Medina acted under color of state law; and
2. The acts of Defendant Medina deprived Decedent and/or Plaintiffs of their particular rights under the United States Constitution as explained in later instructions.

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation.  The parties have stipulated that Defendant Medina acted under color of state law.

**Instruction No. 19**

**Particular Rights – Fourth Amendment – Unreasonable Seizure of Person – Excessive Force**

In general, a seizure of a person is unreasonable under the Fourth Amendment if a police officer uses excessive force in making a lawful arrest, or in attempting to stop a fleeing or escaping suspect. Therefore, in order to prove an unreasonable seizure in this case, Plaintiffs must prove by a preponderance of the evidence that Officer Medina used excessive force when he used force against Jesse Romero on August 9, 2016.

Under the Fourth Amendment, a police officer may use only such force as is "objectively reasonable" under all of the circumstances. You must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight. Although the facts known to the officer are relevant to your inquiry, an officer's subjective intent or motive is not relevant to your inquiry.

In determining whether the officer used excessive force in this case, consider all of the circumstances known to the officer on the scene, including:

1. The nature of the crime or other circumstances known to the officer at the time force was applied;

2. Whether the Decedent posed an immediate threat to the safety of the officer or to others;

3. Whether the Decedent was actively resisting arrest or attempting to evade arrest by flight;

4. The amount of time the officer had to determine the type and amount of force that reasonably appeared necessary; and any changing circumstances during that period;

5. The type and amount of force used;

6. The availability of alternative methods to take the Decedent into custody;

-24-

7. The number of lives at risk (motorists, pedestrians, police officers) and the parties' relative culpability; i.e., which party created the dangerous situation and which party is more innocent;

8. Whether it was practical for the officer to give warning of the imminent use of force, and whether such warning was given;

9. Whether a reasonable officer would have or should have accurately perceived a mistaken fact; and

10. Whether there was probable cause for a reasonable officer to believe that the suspect had committed a crime involving the infliction or threatened infliction of serious physical harm.

    "Probable cause" exists when, under all of the circumstances known to the officer at the time, an objectively reasonable police officer would conclude there is a fair probability that the Decedent has committed or was committing a crime.

**Instruction No. 20**

**Carrying a Loaded Firearm**

In the State of California, it is unlawful for someone who is not a police officer to carry a loaded firearm on his or her person in any public place or any public street.

## Instruction No. 21
## Section 1983:  Fourteenth Amendment Claim
## – Interference With Parent/Child Relationship
## – Elements and Burden of Proof

Under the Fourteenth Amendment to the Constitution, parents possess a constitutionally protected due process right to a familial relationship with their child. Plaintiffs allege Officer Medina violated their right under the Fourteenth Amendment by his use of excessive force causing the death of their son, Jesse Romero.

In order to prevail on their Section 1983 claim against Officer Medina for violation of their Fourteenth Amendment right to be free from interference with their familial relationship with their son, Plaintiffs must prove each of the following elements by a preponderance of the evidence:

1. That Officer Medina violated Jesse Romero's Fourth Amendment right by the use of excessive force; and

2. That Officer Medina violated Plaintiffs' due process right by unlawfully interfering with their familial relationship with Jesse Romero.

Official conduct violates due process when it shocks the conscience, i.e., when the officer acts with a purpose to harm Jesse Romero unrelated to legitimate law enforcement objectives of taking him into custody, self-defense, and defense of others.  Therefore, to violate due process, an officer must act with only an illegitimate purpose in mind.  Even hasty recklessness is not enough to satisfy the purpose to harm standard.

In determining whether Officer Medina acted with a purpose to harm Jesse Romero, you are instructed that speaking to him, detaining him, taking him into custody, self-defense, and defense of others are legitimate law enforcement purposes.

**Instruction No. 22**

**State Law Claim for Wrongful Death – Essential Elements**

Plaintiffs claim that Officer Medina harmed them by causing the wrongful death of their son, Decedent Jesse Romero.  To establish this state law claim, Plaintiffs must prove all of the following by a preponderance of the evidence:

1. That Officer Medina caused the death of Decedent by committing at least one of the following:

    a.  Battery by peace officer on Decedent, as explained in a later instruction; OR

    b.  Use of unreasonable force on Decedent, as explained in a later instruction;

2. That Plaintiffs were harmed; and

3. That Officer Medina's battery or use of unreasonable force was a substantial factor in causing Plaintiffs' harm.

**Instruction No. 23**

**Employer's Vicarious Liability for State Laws Claims**

With respect to claims brought under state law, an employer is responsible for harm caused by the wrongful conduct of its employees while acting within the scope of their employment.  This applies to Plaintiffs' state law claim for wrongful death.

The parties have stipulated that at all times relevant to this case, Officer Medina was an employee of the City of Los Angeles acting within the scope of his employment.

Therefore, if Officer Medina is liable on Plaintiffs' state law claim for wrongful death, the City of Los Angeles is also liable on Plaintiffs' state law claim for wrongful death.

## Instruction No. 24

## Wrongful Death Based on Battery by Peace Officer

To prove battery by peace officer, Plaintiffs must prove all of the following by a preponderance of the evidence:

1. That Officer Medina intentionally touched Jesse Romero or caused Jesse Romero to be touched;

2. That Officer Medina used unreasonable force to detain Jesse Romero;

3. That Jesse Romero did not consent to the use of that force;

4. That Jesse Romero was harmed; and

5. That Officer Medina's use of unreasonable force was a substantial factor in causing Jesse Romero's harm.

A police officer may use reasonable force to arrest or detain a person when he or she has reasonable cause to believe that that person has committed a crime. Even if the police officer is mistaken, a person being detained has a duty not to use force to resist the police officer unless the police officer is using unreasonable force.

In deciding whether Officer Medina used unreasonable force, you must determine the amount of force that would have appeared reasonable to a police officer in Officer Medina's position under the same or similar circumstances. You should consider, among other factors, the following:

a. The seriousness of the crime at issue;

b. Whether Jesse Romero reasonably appeared to pose an immediate threat to the safety of Officer Medina or others; and

c. Whether Jesse Romero was actively resisting arrest or attempting to evade arrest.

A police officer who makes or attempts to make an arrest is not required to retreat or cease from his or her efforts because of the resistance or threatened resistance of the person being arrested.

**Instruction No. 25**

**Intent**

Officer Medina acted intentionally if he intended to commit a battery or if he was substantially certain that a battery would result from his conduct.

**Instruction No. 26**

**Causation:  Substantial Factor**

A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm.  It must be more than a remote or trivial factor. It does not have to be the only cause of the harm.

**Instruction No. 27**

**Resistance to Arrest**

If a person has knowledge, or by the exercise of reasonable care, should have knowledge, that he is being arrested by a peace officer, it is the duty of such person to refrain from using force or any weapon to resist such arrest.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Instruction No. 28**

**Use of Force to Effect Arrest**

Any peace officer who has reasonable cause to believe that the person to be arrested has committed or is committing a crime may use reasonable force to effect the arrest, to prevent escape, or to overcome resistance.

**Instruction No. 29**

**Wrongful Death Based on Use of Unreasonable Force by Law Enforcement Officer In Arrest or Other Seizure**

A law enforcement officer may use reasonable force to detain a person when the officer has reasonable cause to believe that that person has committed or is committing a crime. However, the officer may use only that degree of force necessary to accomplish the detention.

To prove Officer Medina used unreasonable force in detaining Jesse Romero, Plaintiffs must prove all of the following by a preponderance of the evidence:

1. That Officer Medina used force in detaining Jesse Romero;

2. That the amount of force used by Officer Medina was unreasonable;

3. That Jesse Romero was harmed; and

4. That Officer Medina's use of unreasonable force was a substantial factor in causing Jesse Romero's harm.

In deciding whether Officer Medina used unreasonable force, you must consider all of the circumstances of the detention and determine what force a reasonable police officer in Officer Medina's position would have used under the same or similar circumstances. Among the factors to be considered are the following:

a. Whether Jesse Romero reasonably appeared to pose an immediate threat to the safety of Officer Medina or others;

b. The seriousness of the crime at issue;

c. Whether Jesse Romero was actively resisting detention or attempting to avoid detention by flight; and

d. Officer Medina's tactical conduct and decisions before using deadly force on Jesse Romero.

-35-

**Instruction No. 30**

**Basic Standard of Care**

Negligence is the failure to use reasonable care to prevent harm to oneself or to others.

A person can be negligent by acting or by failing to act. A person is negligent if he or she does something that a reasonably careful person would not do in the same situation or fails to do something that a reasonably careful person would do in the same situation.

You must decide how a reasonably careful person would have acted in Officer Medina's situation.

**Instruction No.  31**

**Affirmative Defense – Comparative Fault of Decedent**

**With respect to Plaintiffs' wrongful death claim based on use of unreasonable force by Officer Medina,** Defendants claim that Decedent Jesse Romero's own negligence contributed to his death.  To succeed on this defense, Defendants must prove both of the following:

1. That Decedent Jesse Romero was negligent; and
2. That Decedent Jesse Romero's negligence was a substantial factor in causing his death.

If Defendants prove the above, Plaintiffs' damages for the state law claim of wrongful death based on Officer Medina's use of unreasonable force will be reduced by your determination of the percentage of Decedent Jesse Romero's responsibility.  I will calculate the actual reduction.

**Instruction No. 32**

**Section 1983 Claims – Punitive Damages**

If you decide that Officer Medina is liable on the Section 1983 claim for violation of Decedent Jesse Romero's Fourth Amendment right to be free from excessive force or the Section 1983 claim for violation of Plaintiffs' Fourteenth Amendment Right to a familial relationship with Jesse Romero, you must decide whether Officer Medina's conduct justifies an award of punitive damages. At this time, you must decide whether Plaintiffs have proved by a preponderance of the evidence that Officer Medina's conduct that harmed Decedent Jesse Romero or Plaintiffs was malicious, oppressive, or in reckless disregard of Decedent's or Plaintiffs' rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring Decedent and/or Plaintiffs. Conduct is in reckless disregard of Decedent's and/or Plaintiffs' rights if, under the circumstances, it reflects complete indifference to Decedent's and/or Plaintiffs' safety or rights, or if the defendant acts in the face of a perceived risk that his actions will violate Decedent's and/or Plaintiffs' rights under federal law. An act or omission is oppressive if the defendant injures or damages or otherwise violates the rights of Decedent and/or Plaintiffs with unnecessary harshness or severity, such as by the misuse or abuse of authority or power or by taking advantage of some weakness or disability or misfortune of Decedent and/or Plaintiffs.

**Instruction No. 33**

**Duty to Deliberate**

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**Instruction No. 34**

**Communication with Court**


If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your presiding juror or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone – including me – how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the court.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**INSTRUCTION NO. 35**

**Return of Verdict**

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.