**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 19 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TERESA DOMINGUEZ, individually and as Successor in Interest of Jesse Romero; JESUS ROMERO GARCIA, individually, and as Successor in Interest of Jesse Romero,<br><br>　　　　　Plaintiffs-Appellants,<br><br>　v.<br><br>CITY OF LOS ANGELES, an entity; EDEN MEDINA, an individual police officer with City of Los Angeles Police Department,<br><br>　　　　　Defendants-Appellees. | No.　19-55590<br><br>D.C. No.<br>2:17-cv-04557-DMG-PLA<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Submitted November 12, 2020[**]
Pasadena, California

---

　　[*]　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

　　[**]　The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: CHRISTEN and WATFORD, Circuit Judges, and ROSENTHAL,[***] Chief District Judge.

Plaintiffs filed an action pursuant to 42 U.S.C. § 1983 against the City of Los Angeles and Eden Medina, a police officer with the Los Angeles Police Department. Plaintiffs alleged that Officer Medina used excessive force when he shot and killed their son, 14-year-old Jesse Romero. A jury returned a verdict for the Defendants. After the trial, Plaintiffs learned that Juror Number 4 was a member of certain social media groups that closely followed the activities of law enforcement, a fact not disclosed during voir dire. Plaintiffs filed a motion for new trial on that basis. The district court denied Plaintiffs' motion for a new trial and entered its judgment.

On appeal, Plaintiffs argue that the district court erred by excluding evidence that Officer Medina fatally shot another individual, Omar Gonzalez, twelve days before he shot Romero. Plaintiffs also contend that the district court erred by denying their motion for a new trial after they presented evidence of Juror Number 4's social media activity related to law enforcement.

"We review evidentiary rulings for abuse of discretion and reverse only if a ruling is 'erroneous and prejudicial.'" *Barranco v. 3D Sys. Corp.*, 952 F.3d 1122,

---

[***] The Honorable Lee H. Rosenthal, Chief United States District Judge for the Southern District of Texas, sitting by designation.

1127 (9th Cir. 2020). We review a district court's order denying a motion for a new trial for abuse of discretion. *Flores v. City of Westminster*, 873 F.3d 739, 748 (9th Cir. 2017). Under this standard, "we first look to whether the trial court identified and applied the correct legal rule to the relief requested." *United States v. Hinkson*, 585 F.3d 1247, 1263 (9th Cir. 2009). We then consider "whether the trial court's resolution of the motion [for a new trial] resulted from a factual finding that was illogical, implausible, or without support in inferences that may be drawn from the facts in the record." *Id.* We conclude that the district court did not err and affirm.[1]

    1. The district court did not abuse its discretion by excluding the evidence of Officer Medina's involvement in the prior shooting. Our circuit held in *Duran v. City of Maywood*, 221 F.3d 1127, 1132–33 (9th Cir. 2000), that evidence of a separate police shooting is admissible under Federal Rule of Evidence 404(b) as "other act" evidence if the following conditions are met: "(1) there must be sufficient proof for the jury to find that the defendant committed the other act; (2) the other act must not be too remote in time; (3) the other act must be introduced to prove a material issue in the case; and (4) the other act must, in some cases, be similar to the offense charged." Even if the evidence is admissible pursuant to

---

[1] We DENY defendants' Request for Judicial Notice, ECF No. 35.

Rule 404(b), it may still be excluded pursuant to Federal Rule of Evidence 403 if the probative value of the evidence is substantially outweighed by the danger of unfair prejudice. *Duran*, 221 F.3d at 1133.

*Duran* is on all fours with the present case. In *Duran*, plaintiffs in a § 1983 action sought to admit evidence that the defendant officer was involved in a shooting three days after fatally shooting their son. *Id.* at 1130. The district court excluded the evidence pursuant to Rule 403 on the basis of undue prejudice. *Id.* On that record, we held "[a]lthough we find the similarity between the two shootings troubling, we do not believe that the district court's decision to exclude the evidence amounts to an abuse of discretion." *Id.* at 1133.

Here, the district court correctly identified the standard articulated in *Duran* as controlling. The district court concluded that "[e]ven if Plaintiffs were able to establish each of the four [*Duran*] elements, . . . Rule 403 excludes this evidence at the liability stage." Plaintiffs provide no argument or authority tending to show that the district court misapplied Rule 403. Accordingly, the district court did not abuse its discretion by excluding evidence of the Gonzalez shooting as unduly prejudicial. *See Duran*, 221 F.3d at 1133.

Plaintiffs' argument that Officer Medina "opened the door" to this otherwise inadmissable evidence when he mentioned the name "Omar" during his testimony

4

is unavailing. "[T]he 'opening the door' principle allows parties 'to introduce evidence on the same issue to rebut any false impression that might have resulted from the earlier admission.'" *United States v. Sine*, 493 F.3d 1021, 1037 (9th Cir. 2007) (quoting *United States v. Whitworth*, 856 F.2d 1268, 1285 (9th Cir.1988)). Here, Officer Medina's single mention of the name "Omar" did not create a false impression that entitled Plaintiffs to elicit details of the Gonzalez shooting on cross-examination. *See Sine*, 493 F.3d at 1037 (a "passing reference" to inadmissable hearsay evidence "was insufficient to open the door to the government's otherwise impermissible references to the [hearsay evidence]."); *see also United States v. Green*, 648 F.2d 587, 594 (9th Cir. 1981).

2. The district court did not abuse its discretion by denying Plaintiffs' motion for a new trial. Our circuit recognizes three types of juror bias: (1) "actual bias, which stems from a pre-set disposition not to decide an issue impartially"; (2) "implied (or presumptive) bias, which may exist in exceptional circumstances where, for example, a prospective juror has a relationship to the crime itself or to someone involved in a trial, or has repeatedly lied about a material fact to get on the jury"; and (3) "so-called *McDonough*-style bias, which turns on the truthfulness of a juror's responses on voir dire where a truthful response would have provided a valid basis for a challenge for cause." *United States v. Olsen*, 704

F.3d 1172, 1189 (9th Cir. 2013) (internal quotation marks omitted). Whether a juror was dishonest during voir dire is a question of fact. *Id.* at 1191.

The district court determined that Juror Number 4 was an active member of two Facebook groups where users share and comment on, among other things, local law enforcement activity. The district court rejected Plaintiffs' characterization of the two Facebook groups as "pro-police" or "police support" groups and found the groups were merely "forums for users to share information and footage related to police activity and other ongoing crimes or emergencies." After carefully reviewing the evidence of Juror Number 4's online activity, the district court found that it demonstrated a "fascination" with law enforcement but not actual bias.

The district court also found that Juror Number 4's failure to answer four voir dire questions did not give rise to *McDonough*-style bias, as disclosure of his affiliation with the Facebook groups would not have provided a basis for a challenge for cause. Moreover, to the extent that Juror Number 4 had actually read an article regarding the Romero and Gonzalez shootings that was posted to one of the groups, the district court found such information was unlikely to have biased Juror Number 4 against Plaintiffs. *See Olsen*, 704 F.3d at 1191 ("actual bias is not proven by the mere fact that [a juror] learned about the case from the media[.]").

On the record before us, we cannot say that the district court's findings were "illogical, implausible, or without support in inferences that may be drawn from the facts in the record." *Hinkson*, 585 F.3d at 1263. Accordingly, the district court did not abuse its discretion by denying Plaintiffs' motion for a new trial.

**AFFIRMED.**